UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James B. Skelton, | ) C/A No. 3:10-1958-MBS-RSC |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and |
| Navy Personnel Command, | ) Recommendation |
| Defendant. | ) |

The Plaintiff, James B. Skelton (Plaintiff), proceeding *pro se*, brings the instant civil action seeking retirement benefits. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

## Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding

with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up

questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Background

Plaintiff states that he is "a 56 year old navy veteran who has been denied retirement benefits dating back 20 years when [Plaintiff] was discharged from the navy reserves for medical/psychological reasons." *See* Complaint, page 3. Plaintiff further claims, "[m]y vested in the navy retirement plan is 60% and should be granted to me with backpay for 20 years that was denied me when I was discharged from the reserves." *Id*. The instant pleading discusses a previous suit against the Navy for illegal termination and alleges that, "in a haste to get rid of me [the Navy] forget [sic] to put a legal signed signature on the termination papers." *Id*. Plaintiff asks the Court to "direct the navy personnel command to start making retirement payments to [him]. *Id*. at 5. Plaintiff also seeks a "military retirement ID along with base privledges [sic]."

## Discussion

As an initial matter, Plaintiff has previously brought an action in this District Court involving the same Defendant, and asserting nearly identical allegations as the instant action. *See James Bennie Skelton v. Navy Personnel Command, et al.*, Civil Action No. 3:09-1430-MBS-RSC (D.S.C.). A district court may take judicial notice of materials in the court's own files from prior

3

proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949). This Court takes judicial notice of Civil Action No. (C/A No.) 3:09-1430-MBS-RSC (also referred to herein as "Plaintiff's prior case").

As in the instant action, the complaint in Plaintiff's prior case alleged that he was entitled to Naval retirement benefits because he was discharged from the Navy for psychological reasons. Plaintiff's prior pleading, which asked the Court to award Plaintiff full Navy retirement with an ID card and base privileges, also alleged that certain required pre-discharge procedures were not followed during his discharge from the Navy. Neither Plaintiff's prior case, or the instant action, provide any information regarding whether Plaintiff has properly pursued a claim for the veterans' benefits he seeks in this case. Thus, the instant action essentially duplicates Plaintiff's filing in C/A No. 3:09-1430-MBS-RSC, and is subject to summary dismissal for the same reasons.

As Plaintiff was previously informed in the Report and Recommendation for summary dismissal prepared in C/A No. 3:09-1430-MBS-RSC, "[t]o the extent that Plaintiff wants this Court to consider (or re-consider) his claim for veterans' disability retirement benefits and to order the Department of Veterans Affairs

(VA) to award him veterans' disability benefits, this Court is without subject matter jurisdiction to grant these requests. This is particularly true where Plaintiff has not provided the Court with any federal statute or law applicable to veterans under which he claims that subject matter jurisdiction exists over his claim." *See Skelton v. Navy Personnel Command*, 3:09-1430-MBS, Docket Entry No. 11, page 3.

Further, "[p]ursuant to established federal law, United States District Courts do not have review authority in veteran's benefits matters. *See* 38 U.S.C. § 511 (" . . . the decision of the Secretary as to any such question [about "provision of benefits by the Secretary to veterans or the dependents or survivors of veterans"] shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise."); *Johnson v. Robison*, 415 U.S. 361, 370 (1974) (recognizing statute's dual purpose of insulating courts and VA from veteran benefits litigation and of insuring uniform determinations of benefits and application of VA policy) (construing predecessor statute, 38 U.S.C. § 211(a)); *Tietjen v. U. S. Veterans Admin.*, 884 F.2d 514, 515 (9th Cir. 1989) (affirming district court dismissal under § 211(a) of challenge to benefits determination); *see also* H.R. Rep. No. 1166, 91st Cong., 2d Sess. (1970), *reprinted in* 1970 U.S.C.C.A.N. 3723, 3731 ("Congress intends to exclude from judicial review all determinations with

5

respect to noncontractual benefits provided for veterans . . ..")."
*Id.* at 3-4.

"This lack of subject matter jurisdiction has been widely recognized by federal courts in numerous cases where, as here, the case filed by the plaintiff did not explicitly or specifically request review of a VA decision on veterans' benefits, but where the substance of the claim, if considered, would require such review. *See, e.g.*, *Weaver v. U.S.*, 98 F.3d 518, 520 (10th Cir. 1996)(claims of fraud, conspiracy, and misrepresentation by VA officials properly construed as invalid court challenge to denial of veterans benefits; no subject matter jurisdiction); *Taylor v. U.S.*, 642 F.2d 1118, 1120 (8th Cir. 1981)(civil damage suit, the substance of claim is an attempt to obtain judicial review of the VA's denial of benefits claim and thereby circumvent the ban of Section 211(a) [now 511(a)] on judicial review; no subject matter jurisdiction); *Anderson v. Veterans Admin.*, 559 F.2d 935 (5th Cir. 1977) (civil damage suit alleging constitutional violations); *Ross v. U. S.*, 462 F.2d 618 (9th Cir. 1972) (same, alleging defamatory evidence in VA benefits case); *Perry v. U. S.*, 405 F.Supp. 1061 (E.D. Mo. 1975) (claim for personal injuries allegedly caused by denial of benefits)." *Id.* at 4-5.

"As stated above, it is unclear from Plaintiff's allegations whether or not he is currently pursuing, or has ever properly pursued, a claim for the veterans' benefits he seeks in this case.

6

Regardless of whether or not a VA claim has been pursued and rejected, this Court also has no jurisdiction to consider *as an original matter* any claim from such benefits. *Taylor v. U.S.*, 379 F. Supp. 642, 649-50 (W. D. Ark. 1974) (federal courts did not have authority to deal with subject of veterans benefits, either in an original suit or by way of reviewing VA action or inaction, except where facts disclose ground for constitutional attack)." *Id.* at 5.

"There is no provision in either the Code of Federal Regulations or in the United States Code giving this Court, a federal district court in the state of the veteran's residence, either original or appellate jurisdiction to review denials of disability ratings by local VA offices or to award veterans' benefits where the veteran has not availed him or herself of the VA's claim process. As a result, Plaintiff's case filed in this Court is subject to summary dismissal due to the lack of jurisdiction and failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)." *Id. at 6*. Further, as the issues involved in the complaint *sub judice* were addressed in Civil Action No. 3:09-1430-MBS-RSC, this duplicate §1983 complaint is also subject to summary dismissal in the interests of judicial economy and efficiency.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and

without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

August 9, 2010
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).