IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| James B. Skelton, | ) |
| | ) C/A No. 3:10-CV-1958-MBS |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **OPINION AND ORDER** |
| Navy Personnel Command, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff James B. Skelton ("Plaintiff"), proceeding pro se, filed the within complaint on July 27, 2010, pursuant to the procedural provisions of 28 U.S.C. § 1915. Plaintiff asserts that Defendant Navy Personnel Command ("Defendant") is obligated to provide him with retirement benefits "dating back 20 years" to his discharge from the Navy Reserves "for medical/psychological reasons." See Compl. 3, ECF No. 1. He argues that Defendant's failure to award him these benefits violates the Equal Protection Clause of the United States Constitution. Id.[1]

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. § 1915 and on August 9, 2010,

---

[1] This is the second action that Plaintiff has brought in this court alleging that Defendant has wrongfully denied him benefits. See Complaint, ECF No. 1, C/N 3:09-1430-MBS-RSC. The first action was dismissed because there were "no allegations in the Complaint showing that Plaintiff has undertaken the required military administrative and judicial review remedies established under Title 38 of the United States Code relative to a military disability retirement claim." R&R 1–2, ECF No. 11, C/N 3:09-1430-MBS-RSC, adopted and incorporated by reference, Order Dismissing Complaint, ECF No. 17, C/N 3:09-1430-MBS-RSC. Plaintiff did not file any objections to the R&R in that action.

1

issued a Report and Recommendation ("R&R") recommending that the complaint be dismissed, without prejudice, because the district court is without jurisdiction to review the subject of veterans benefits. See R&R 4, ECF No. 8.

Plaintiff submitted two letters in response to the Magistrate Judge's R&R. The first was filed with the court on August 16, 2010 and simply restates Plaintiff's argument that Defendant's refusal to award Plaintiff retirement benefits violates equal protection. ECF No. 10. The second was addressed to Chief Judge David C. Norton; it is dated September 8, 2010 and was filed with the court on the following day. ECF No. 12. In this second letter, Plaintiff objects to the Magistrate Judge's recommendation on the basis that Plaintiff is "not seeking VA disability benefits as Judge Carr would have you to believe, but the retirement benefits due me from the navy when they discharged me for medical reasons." Id. at 1. Plaintiff then restates his argument that he is entitled to such benefits pursuant to the Equal Protection Clause. Id.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Given that Plaintiff has clarified that he is not seeking veteran's disability benefits, but rather an order that the Navy pay back retirement salary and benefits allegedly due Plaintiff following his discharge from the Navy Reserves, this court has jurisdiction over Plaintiff's action. See, e.g., Ulmet v. United States, 888 F.2d 1028, 1030–31 (4th Cir. 1989). Therefore, the court declines to adopt the Magistrate Judge's Report and Recommendation. The case shall be recommitted to the Magistrate

2

Judge for further proceedings.

    IT IS ORDERED.

                                        /s/ Margaret B. Seymour
                                        United States District Judge

October 18, 2010
Columbia, South Carolina