IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| James B. Skelton, | ) | C.A. No. 3:10-1958-MBS-JDA |
|                   Plaintiff, | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| R. Admiral Donald P. Quinn, Navy Personnel Command, | ) | |
|                   Defendant. | ) | |

Plaintiff James B. Skelton ("Plaintiff") filed a pro se action alleging that Defendant R. Admiral Donald P. Quinn, Navy Personnel Command ("Defendant"), was obligated to provide him with retirement benefits after his discharge from the Navy Reserves for medical and psychological reasons. In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(e), D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr and subsequently, Magistrate Judge Jacquelyn D. Austin, for review.

## Background

Plaintiff served in the Navy on board the USS Little Rock from October 1973 until October 1975. In October 1975, Plaintiff was transferred to the USS Conyngham. Plaintiff was discharged from the military on February 25, 1977. In 1982, Plaintiff joined the Navy Reserves. In or around 1987, Plaintiff was involuntarily discharged from the Navy Reserves for missing too many drill weekends. Approximately three to six months later, Plaintiff was allowed to re-enlist in the Navy Reserves. He was stationed at the Charleston, South Carolina, Navy base until 1989. During this time period, he was also a civilian employee of the Charleston Naval Shipyard. In 1989, Plaintiff suffered a mental breakdown. The Physical Examination Board of

1

the Navy ("PEB") ruled that Plaintiff was disabled and not fit to return to duty in the Navy Reserves. Subsequently, Plaintiff worked in the civilian labor force for a period of time. He also filed for bankruptcy. Plaintiff inquired about his retirement benefits by writing a letter to the Department of the Navy. In a letter dated March 22, 2010, T.E. Decent, head of Congressional Affairs by direction of the Department of Navy Commander stated:

> A review of available records indicated that you were transferred to the Individual Ready Reserves (IRR) on November 15, 1987 due to inability to maintain satisfactory drill attendance. On March 1, 1988, you affiliated with Naval Reserve Readiness Center (NRRC) in Charleston, SC. Regrettably, a medical condition occurred while you were a civilian employee at the Charleston Naval Shipyard. Due to the incident, NRRC Charleston revoked your security clearance on March 11, 1989. It was further determined that you were ineligible for reenlistment and you were discharged from the navy Reserve on January 17, 1990.

On March 29, 2010 and April 2, 2010, Plaintiff sent letters to the Secretary of Defense requesting back pay and full retirement benefits. In a letter dated April 20, 2010, Deputy legal counsel for the Department of the Navy responded, stating that he had given Plaintiff similar responses in February and March 2010. Deputy legal counsel indicated in the letter that Plaintiff did not qualify for retirement benefits because he was discharged before serving the requisite number of years.

On July 27, 2010, Plaintiff filed the instant complaint alleging that he was entitled to retirement benefits and back pay from Defendant for a twenty-year period dating back to when he was discharged. Plaintiff alleges that he had served a total of twelve years into the retirement system, having served four years on active duty and 8 years in the Navy Reserves. Plaintiff also contends that he became eligible for "military disability/retirement" when he became disabled in 1989 and was discharged. According to Plaintiff, he had served twelve out of the required twenty years for military retirement, which is 60% of the required time. Plaintiff contends that he

should be able to get benefits for the time he served through the military retirement system in the same manner he would get benefits from the civilian retirement system if he has vested more than 50% of the required years into the system. Plaintiff alleges that by denying him retirement pay, Defendant violated the equal protection clause of the Fourteenth Amendment by treating him differently from civilian employees.

On August 8, 2010, Magistrate Judge Robert S. Carr reviewed the complaint and recommended that the complaint be summarily dismissed on the basis that the district court is without jurisdiction to review the subject of veteran's benefits. By order dated October 18, 2010, this court declined to adopt the Report and Recommendation, finding that the court has jurisdiction because Plaintiff is not seeking veteran's benefits but rather retirement benefits he alleges he is due following his discharge from the Navy Reserves. Furthermore, the court cited to <u>Ulmet v. United States</u>, 888 F.2d 1028 (4th Cir. 1989), for the proposition that while district courts do not have jurisdiction to review claims for money damages for losses suffered from the federal government's denial of benefits, district courts have jurisdiction to review an equitable action for specific relief which may include an order for back pay.

On February 2, 2011, Plaintiff's complaint was served on Defendant. On May 23, 2011, Defendant filed a motion to dismiss. Defendant alleges that the complaint should be dismissed under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. First, Defendant alleges that Plaintiff is seeking money damages and therefore pursuant to the Tucker Act, 28 U.S.C. § 1491, the Court of Federal Claims has exclusive jurisdiction over the complaint. Second, Defendant argues that Plaintiff is barred from filing suit under the six year statute of limitations period mandated by 28 U.S.C. § 2401. Defendant alleges that the accrual period began in 1989 when the PEB notified Plaintiff that he was not physically qualified for active

duty in the Naval Reserve and he was discharged. Third, Defendant claims that Plaintiff's Fifth Amendment equal protection claim fails on the merits because there is a rational basis for the difference between the military's retirement scheme and the civilian retirement scheme. Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedure and that a failure to respond to Defendant's motion to dismiss could result in a dismissal of his complaint. On June 9, 2011 Plaintiff filed a response in opposition to Defendant's motion to dismiss.

*Magistrate Judge's Findings*

On October 25, 2011, the Magistrate Judge filed a Report and Recommendation in which she recommended denying Defendant's motion to dismiss. The Magistrate Judge found that the district court had jurisdiction to hear Plaintiff's case because Plaintiff's equal protection claim is not a money-mandating claim, therefore, the Court of Federal Claims does not have jurisdiction over the claim pursuant to the Tucker Act. See Sonnenfeld v. United States, No. 05-5133, 2005 WL 3030971, at *3 (Fed. Cir. Nov. 14, 2005). Secondly, the Magistrate Judge found that Defendant's motion to dismiss complaint due to the lapse of the statute of limitations should not be granted because it is not clear when Plaintiff's claim began to accrue and thus whether the statute of limitations had lapsed. Specifically, the Magistrate Judge found that the accrual period likely began when Plaintiff was denied retirement benefits by the appropriate board, but it is not clear if Plaintiff ever applied for retirement benefits through the appropriate board or when the final denial of benefits was determined. Accordingly, the Magistrate Judge recommended that Defendant be directed to file a supplemental motion to dismiss addressing the statute of limitations issue of when Plaintiff's equal protection claim accrued.

4

The Magistrate Judge also recommended that the court decline to consider the merits of the equal protection claim at this stage because the question of whether Plaintiff's claim is barred by the statute of limitations is still unresolved. The Magistrate Judge noted that the statute of limitations in this case is a jurisdictional issue under 28 U.S.C. § 2401. Accordingly, the Magistrate Judge found that the question of whether the court has subject matter jurisdiction must be resolved before the court can proceed in the case. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). On November 10, 2011, Defendant filed objections to the Magistrate Judge's Report and Recommendation.

## **Discussion**

*Standard of Review*

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made. The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

*Defendant's Objections*

First, Defendant alleges that the court does not have jurisdiction to hear Plaintiff's claim. Defendant contends that although Plaintiff has couched his claim as an equal protection claim, it is actually limited to a claim for backpay pursuant to the military retirement statutes, 10 U.S.C. § 1201 and 10 U.S.C. § 6326, both of which are money-mandating statutes. Defendant alleges that

since Plaintiff seeks twenty years of back pay, any potential monetary damages would exceed $10,000.00, and as such, the claim would fall within the exclusive jurisdiction of the Court of Federal Claims.  See Randall v. United States, 96 F.3d 339, 347 (4th Cir. 1996).

Under Sonnenfeld, 2005 WL at *3, the Court of Federal Claims' jurisdiction under the Tucker Act is limited to money-mandating claims, where the Constitution, regulation, or statute requires compensation by the government for any damage sustained.  The Fifth Amendment does not mandate compensation by the government for alleged violations of the equal protection clause. Therefore, the Court of Federal Claims has no jurisdiction to consider equal protection claims under the Fifth Amendment.  Id.

Defendant's objection is without merit.  Despite Defendant's contention regarding the statutory basis for Plaintiff's claim, the court construes Plaintiff's claim as stating he is entitled to backpay because of Defendant's alleged violation of equal protection under the Fifth Amendment.  Specifically, Plaintiff is alleging that Defendant violated his equal protection rights by devising a system different from the civilian retirement system where a claimant can recover retirement benefits after serving 50% of the requisite number of years with the federal government.[1]  Defendant does not cite any reasons why Sonnenfeld is not controlling. Accordingly, the court agrees with the Magistrate Judge's finding that the district court has jurisdiction over the case, because Plaintiff's equal protection claim is not being brought pursuant to a money-mandating statute vesting exclusive jurisdiction in the Court of Federal Claims.

---

[1] To the extent that Plaintiff is raising a claim for military disability retirement benefits pursuant to 10 U.S.C. § 1401, or any other money-mandating statute, the Court of Federal Claims has exclusive jurisdiction over those claims pursuant to the Tucker Act.  See Huff v. United States Dept. of Army, 508 F. Supp. 2d 459 (D. Md. 2007).

Defendant next argues that even if the court has jurisdiction over Plaintiff's equal protection claim, the court does not have subject matter jurisdiction to hear Plaintiff's claim due to the expired statute of limitations period. Defendant contends that Plaintiff's claim is for military disability retirement benefits and as such, the claim accrued when the PEB notified Plaintiff that he was not physically qualified for active duty in the Naval Reserve and he was discharged.

Under <u>Chambers v. United States</u>, 417 F.3d 1218 (Fed. Cir. 2005), the Court of Federal Claims held that in a wrongful discharge case, the statute of limitations period accrues on the date of discharge. However, the Federal Circuit noted that claims of <u>entitlement to retirement pay</u> generally do not accrue until the appropriate military board either finally denies such a claim or refuses to hear it. <u>Id.</u> at 1224 (emphasis added).

Defendant's objection is without merit. As the Magistrate Judge explained, this is not a wrongful discharge case; therefore the accrual period would be when Plaintiff knew or should have known that he would not be awarded retirement benefits in the same manner as civilian retirement benefits. The court agrees with the Magistrate Judge's finding that the current record is unclear as to when the accrual period for Plaintiff's equal protection claim began and the matter requires additional briefing.

Defendant's third objection is that Plaintiff is not entitled to disability retirement benefits pursuant to 10 U.S.C. § 1004 (re-designated as 10 U.S.C. § 12644). Furthermore, Defendant alleges that Plaintiff has not offered any facts entitling him to military disability retirement benefits pursuant to §§ 1201 or 1204 and that his complaint should be dismissed. Defendant's objection is without merit because the court has not construed Plaintiff's claims as being alleged pursuant to §§ 1201 or 1204. Furthermore, the court declines to consider the merits of Plaintiff's

claims without first making a determination as to whether the court has subject matter jurisdiction in this case.

**<u>Conclusion</u>**

After a thorough review of the Report and Recommendation, Defendant's objections, the record and the applicable law, the court adopts the Magistrate Judge's Report and Recommendation and recommits the matter to the Magistrate Judge for additional pre-trial handling.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour  
Margaret B. Seymour  
Chief United States District Judge

March 26, 2012  
Columbia, South Carolina