```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF SOUTH CAROLINA
            COLUMBIA DIVISION
```

| | |
|---|---|
| James B. Skelton, | Case No. 3:10-cv-01958-MBS-JDA |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| R. Admiral Donald P. Quinn, Navy Personnel Command, | |
| Defendant. | |

This matter is before the Court on Plaintiff's motion to direct the PEB Board to grant disability benefits [Doc. 62] and Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [Doc. 73]. Plaintiff is proceeding pro se. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed by individuals proceeding pro se and to submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff filed his Complaint on July 27, 2010, alleging Defendant is obligated to provide him with retirement benefits "dating back 20 years," from the time of his discharge from the Navy Reserves "for medical/psychol[o]gical reasons." [Doc. 1 at 3.] Plaintiff alleges he "had a total of 12 years into the retirement system having served 4 years on active duty and 8 years in the Reserves." [*Id.*] Plaintiff further alleges:

> Under civil[]ian law anybody who leaves a company retirement
> plan can withdraw it if they have a vested 50% in the plan. My
> vested in[ ]the Navy retirement plan is 60% and should be

granted to me with backpay for 20 years that was denied me when I was discharged from the Reserves. This comes under the equal protection of the law which should apply to government retirement plans in accordance with the 14th Amendment of the United States Constitution.

[*Id.*]

In subsequent filings in support of his Complaint, Plaintiff alleges he served in the Navy onboard the USS Little Rock from October 1973 until October 1975. [Doc. 24 at 1; Doc. 1-3 at 3.] In October 1975, Plaintiff was transferred to the USS Conyngham. [Doc. 24 at 1; *see* Doc. 1-3 at 3.] He was discharged from the Navy on February 25, 1977. [Doc. 24 at 1; *see* Doc. 1-3 at 3.] In 1982, Plaintiff joined the Navy Reserves. [Doc. 24 at 1.] In or around 1989, Plaintiff was involuntarily discharged from the Reserves for missing too many drill weekends. [*Id.*] Approximately three to six months later, he was allowed to re-enlist, and he served on the Charleston Navy base until his mental breakdown in 1989. [*Id.*] At that time, he was also a civilian employee of the Charleston Naval Shipyard. [*Id.*] Plaintiff alleges the Physical Examination Board ("PEB") ruled Plaintiff was disabled and not fit to return to duty in the Reserves.[1] [Doc. 20-1 at 2.] As a result of his discharge, Plaintiff claims he was forced to take a job with the labor pool and file bankruptcy.[2] [*Id.*]

Plaintiff contends he is entitled to back pay and retirement benefits because,

[u]nder the IRS's rules for retirement plans, [he is] eligible for a military disability/retirement because [he] became disable[d], [he has] a hardship, and [he] was terminated from employment in the Navy Reserves. These are undisputable facts of the case for which [he] seek[s] compensation.

---

[1] The Board for Correction of Naval Records ("BCNR") upheld Plaintiff's discharge following a 1989 determination by the PEB that Plaintiff was not physically qualified for service. [Doc. 1-3 at 2.]

[2] According to Plaintiff, he sued the Navy for terminating him in an allegedly unlawful manner, and in September 2008, he settled with the Navy for $30,000. [Doc. 20-1 at 4, 11.]

2

[Doc. 53.] According to Plaintiff, he had twelve years, or 60%, vested into military retirement at the time he was discharged, and therefore, he should be able to get these benefits through court action "[u]nder the IRS rules and in accordance with the 14th Amendment" because "the equal protection clause applies to [the] military retirement system just as it applies to any civilian retirement system." [Doc. 12.] Plaintiff alleges it is discrimination "[t]o try to separate the two retirement [systems] under different rules." [*Id.*] Accordingly, Plaintiff asks the Court to "direct the Navy Personnel Command to start making retirement payments to [him] according to the equal opportunity as provided by law that is used in civil[]ian retirement plans." [Doc. 1 at 5.] In addition, Plaintiff seeks a "military retirement ID along with base priv[i]le[]ges." [*Id.*] The Complaint does not challenge the propriety of Plaintiff's discharge but challenges Defendant's denial of retirement benefits.[3] [*See* Doc. 12.]

Defendant filed a motion to dismiss on May 23, 2011 [Doc. 50], alleging the Complaint should be dismissed under Rules 12(b)(1) and (6) for the following reasons: (a) Plaintiff is seeking money damages and, therefore, the Court of Claims is the only court

---

[3] It appears that, in letters dated March 13, 2009 and April 20, 2010, Defendant indicated to Plaintiff that Plaintiff did not qualify for retirement benefits because he was discharged before serving the requisite number of years. [*Id.*] Further, in a letter dated March 22, 2010 denying Plaintiff's request to the Navy for retirement benefits [Doc. 20-1 at 15–16], Plaintiff was informed of the following:

> A review of available records indicates you were transferred to the Individual Ready Reserves (IRR) on November 15, 1987 due to inability to maintain satisfactory drill attendance. On March 1, 1988, you affiliated with Naval Reserve Readiness Center (NRRC) Charleston, SC. Regrettably, a medical condition occurred while you were a civilian employee at the Charleston Naval Shipyard. Due to the incident, NRRC Charleston revoked your security clearance on March 11, 1989. It was further determined that you were ineligible for reenlistment and thus you were discharged from the Navy Reserve on January 17, 1990.

[*Id.* at 16.]

with jurisdiction to hear the Complaint; (b) Plaintiff is barred from filing suit under the statute of limitations mandated by the Administrative Procedures Act ("APA"); (c) the Fourteenth Amendment is inapplicable to Plaintiff's challenge of the military retirement system because the Fourteenth Amendment applies only to the States and military retirement is governed exclusively by federal law; and (d) to the extent he invokes equal protection under the Fifth Amendment, Plaintiff's claim fails because Plaintiff failed to meet the statutory requirements to receive military retirement pay and there is a rational basis for the military's retirement scheme [Doc. 50-1]. On October 25, 2011, this Court issued a Report and Recommendation, recommending Defendant's motion be denied and that Defendant be directed to file a supplemental motion addressing additional issues. [Doc. 59.] On November 9, 2011, Plaintiff filed a motion to direct the PEB Board to grant disability benefits. [Doc. 62.] By Order and Opinion dated March 26, 2012, the District Court denied Defendant's motion to dismiss and directed Defendant to file a supplemental motion addressing the statute of limitations issue as to what type of retirement benefits Plaintiff could possibly be awarded and when Plaintiff's equal protection claim began to accrue. [Doc. 66.]

On April 16, 2012, Defendant filed the instant motion to dismiss, contending Plaintiff's claim accrued upon his discharge in 1989—over twenty years before commencement of this action—and, therefore, is barred by the applicable six-year statute of limitations. [Doc. 73.] By Order filed April 17, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court advised Plaintiff of the dismissal procedure and of the possible consequences if Plaintiff failed to adequately respond to the motion to dismiss. [Doc. 75.] On April 20, 2012, Plaintiff filed a letter, which the Court has construed as

Plaintiff's response in opposition to the motion to dismiss. [Doc. 78 (stating Plaintiff "humbly ask[s] this honorable Court not to dismiss but put [the case] on the docket for trial").] Accordingly, Defendant's motion to dismiss is ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S.97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520; *Hughes v. Rowe*, 449 U.S. 5, 10 n.7 (1980) (per curiam). Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. *Haines.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 418–19 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standard**

A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle her to relief. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss,

5

the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Further, on a motion pursuant to Rule 12(b)(6), if matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)); *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (noting that court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader

6

wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

### DISCUSSION

Plaintiff claims the military retirement system violates equal protection of the law because it is not operated like a civilian retirement system. Specifically, Plaintiff contends he has vested at least 60% into his military retirement and that equal protection should apply to government retirement plans such that he receives retirement pay in accordance with the time he has vested in the plan. [*See* Doc. 1 at 3.] As previously stated, because it appears Plaintiff's claim may be barred by the statute of limitations, Defendant was directed to file a supplemental motion to dismiss addressing when Plaintiff's equal protection claim accrued. Defendant argues Plaintiff has never had any reasonable expectation of receiving retirement pay and that his equal protection claim began to accrue when he had notice, or reasonably should have had notice, that he was never going to receive reserve retirement pay, which was upon his discharge in January 1990. [Doc. 73 at 7–8.] Upon review, the Court agrees with Defendant.

**Statute of Limitations**

The applicable statute of limitations provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."[4] 28 U.S.C. § 2401(a). "Unlike an ordinary statute of limitations, § 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity, and as such must be strictly construed." *Spannaus v. U.S. Dep't of*

---

[4] The statute creates an exception for claims subject to the Contract Disputes Act of 1978. 28 U.S.C. § 2401(a).

*Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987). Accordingly, any civil action against the United States is barred if commenced more than six years after the right of action first accrues.

An equal protection claim begins to accrue "as soon as the alleged wrongful actions occurred," *Castapheny v. W. Va. State Police*, No. 2:10-735, 2011 WL 9395, at *5 (S.D.W. Va. Jan. 3, 2011) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). Further, the date a service member's discharge became final is the "date that the statute of limitations began to run on any action that he might have arising directly from the discharge." *Kendall v. Army Bd. for Corr. of Military Records*, 996 F.2d 362, 365–66 (D.C. Cir. 1993); *see also Singleton v. Dep't of the Army*, No. 07-303, 2007 WL 2601934, at *2 (D.D.C. Sept. 6, 2007) ("For claims arising from a service member's discharge from the Army, such as claims for retirement pay and back pay, the statute of limitations begins to run when the discharge becomes final." (citing *Kendall*, 996 F.2d at 365–66)).

**Military Retirement Pay Eligibility**

Eligibility for military reserve retired pay is governed by 10 U.S.C. §§ 12731–12738. *See Brooks v. United States*, 70 Fed. Cl. 479 (2006). Pursuant to these statutes, a person is entitled to receive retired pay if (1) he is at least sixty years of age; (2) he has performed a minimum of twenty years of service, as determined under 10 U.S.C. § 12732; (3) he has performed a minimum of eight years of qualifying service in a reserve component; and (4) he is not entitled, under any other provision of law, to retired pay from a division of the armed forces of the United States.[5] 10 U.S.C. § 12731(a). The law is clear that there is

---

[5] If eligible for such benefit, the Secretary of the military department in which the individual last served will notify him of his eligibility for reserve retired pay by sending a "Twenty-Year Letter," and then the individual must apply for retirement pay. 10 U.S.C. § 12731; *Brooks v. United States*, 70 Fed. Cl. 479, 483 (Fed. Cl. 2006). Once a person has been granted retired pay, or is notified pursuant to 10 U.S.C. § 12731(d) that he is entitled to receive such pay, the pay may not be denied or revoked on the basis of any error except where

no vested or contractual right to retired pay with respect to service in the armed forces and that such pay is dependent upon statutory rules, rather than common law rules that govern private contracts. *Goodley v. United States*, 441 F.2d 1175, 1178–79 (Ct. Cl. 1971) (stating the status of retirement for military personnel and the right to and the amount of retired and retirement pay are created and controlled by statute, and if there is no statutory authorization for payment, then the claimant is not entitled to any payment as a matter of right).

**Analysis**

Plaintiff was discharged from the Navy Reserve on January 17, 1990. [Doc. 20-1 at 16.] At the time of his discharge, he had completed six years, eight months, and 26 days of qualifying service through his service in the Navy and the Navy Reserve[6] [Doc. 73-1], and, thus, did not qualify for military retirement pay. Because his discharge ensured he would not qualify for military retirement pay based on the number of years of qualified service, Plaintiff's claim arises directly from his discharge and, therefore, accrued on the date of his discharge—January 17, 1990. Accordingly, the statute of limitations ran on January 17, 1996, over fourteen years before Plaintiff filed this action on July 27, 2010, and Plaintiff's claim is time-barred.[7]

---

the error was the result of fraud or misrepresentation by the retired service member. 10 U.S.C. § 12738(a).

[6] By his own admission, Plaintiff did not complete the twenty years statutorily required to be eligible for retirement pay, stating he "had a total of 12 years into the retirement system having served 4 years on active duty and 8 years in the Reserves." [Doc. 1 at 3.] Apparently, Plaintiff's service spanned twelve years, but not every calendar day of his enlistment periods was qualified service toward retirement. [*See* Doc. 73-1.] Either way, Plaintiff was aware that he had not served the requisite amount of time to qualify for retirement pay.

[7] The Court notes Plaintiff's discharge was based on the PEB's determination "that [Plaintiff was] not physically qualified for retention in the Navy" [Doc. 1-3 at 2], and the PEB considers only the cases of those service members who suffer from a condition that constitutes a physical disability, *see Peoples v. United*

Because the statute of limitations provided in § 2401 is a jurisdictional condition attached to the government's waiver of sovereign immunity, whether the statute of limitations bars Plaintiff's claim determines whether the Court has jurisdiction to hear and decide this matter. *See Spannaus*, 824 F.2d at 55. "Without jurisdiction [a] court cannot proceed at all in any cause. Jurisdiction is power to declare the law . . . ." *Ex parte McCardle*, 74 U.S. 506, 514 (1868). Consequently, because the Court has determined Plaintiff's claim is time barred, this Court lacks jurisdiction to hear this case and Plaintiff's case should be dismissed.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends Plaintiff's motion to direct the PEB Board to grant disability benefits [Doc. 62] be DENIED and Defendant's motion to dismiss [Doc. 73] be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

June 15, 2012
Greenville, South Carolina

---

*States*, 87 Fed. Cl. 553, 571 (2009). Consequently, it appears that 10 U.S.C. § 1201, authorizing retirement pay under certain conditions when the service member's retirement is based on physical disability, may apply to Plaintiff. Generally, a claim for military disability retirement pay accrues on the date a military board authorized to determine entitlement either finally denies the claim or refuses to hear the claim. *Chambers v. United States*, 417 F.3d 1218, 1224 (Fed. Cir. 2005). "When, however, a serviceman has actual or constructive notice of his disability prior to discharge, his failure to request a board hearing upon his discharge triggers the statute of limitations." *Huff v. U.S. Dep't of the Army*, 508 F. Supp. 2d 459, 464 (D. Md. 2007), *aff'd*, 390 F. App'x 208 (4th Cir. 2010). Here, Plaintiff petitioned the Board for Correction of Naval Records ("BCNR"), which upheld Plaintiff's discharge based on the 1989 review by the PEB. [Doc. 1-3 at 2.] Although there is no documentation of the BCNR review in the record before the Court, the review presumably occurred prior to January 17, 1990, when Plaintiff was finally discharged from the Navy Reserve. [*See* Doc. 20-1 at 16.] Thus, to the extent Plaintiff's claim is related to disability retirement pay, his claim is time barred because the statute of limitations expired in 1996 and Plaintiff did not file this action until 2010.