IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| James B. Skelton, | ) | C.A. No. 3:10-1958-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| R. Admiral Donald P. Quinn, Navy Personnel Command, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff James B. Skelton ("Plaintiff") filed this action pro se alleging that Defendant Rear Admiral Donald P. Quinn, Navy Personnel Command ("Defendant"), was obligated to provide him with retirement benefits after his discharge from the Navy Reserves. This matter is before the court on Plaintiff's motion to direct the Navy's Physical Evaluation Board ("PEB") to grant disability benefits and Defendant's motion to dismiss. (ECF Nos. 62, 73.) The parties oppose each other's motion.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B), D.S.C., the matter was referred to United States Magistrate Judge Jacquelyn D. Austin for review. On June 15, 2012, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court grant Defendant's motion to dismiss and deny Plaintiff's motion to direct the PEB to grant disability benefits. (ECF No. 79.) On June 26, 2012, Plaintiff filed objections to the Report and Recommendation, asking the court to consider the facts of his case and render judgment in his favor. (ECF No. 83.) On August 21, 2012, the court held a hearing on the parties' motions wherein the court granted Defendant's motion to dismiss and denied Plaintiff's motion to direct the PEB to grant disability benefits. (ECF No. 90.) This order sets forth the basis for the court's

August 21, 2012 ruling.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts as viewed in the light most favorable to Plaintiff are discussed in the Report and Recommendation. The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate. The court adopts this summary as its own, and will only reference facts pertinent to this analysis of the pending motions.

Plaintiff alleges he served in the Navy on board the USS Little Rock from October 1973 until October 1975. (ECF No. 24, p. 1; ECF No. 1-3, p. 3.) In October 1975, Plaintiff alleges he was transferred to the USS Conyngham and then was discharged from the military on February 25, 1977. (Id.) In 1982, Plaintiff joined the Navy Reserves. (ECF No. 24, p. 1.) In 1987, Plaintiff alleges he was involuntarily discharged from the Navy Reserves for missing too many drill weekends. (Id.) Several months later, Plaintiff asserts he was allowed to re-enlist in the Navy Reserves where he was stationed at the naval base in Charleston, South Carolina, until 1989. (Id.) During this time period, Plaintiff states that he was also a civilian employee of the Charleston Naval Shipyard. (Id.) In 1989, Plaintiff alleges he suffered a mental breakdown. (Id.) Thereafter, the PEB allegedly ruled that Plaintiff was disabled and not fit to return to duty in the Navy Reserves. (ECF No. 20-1, p. 2.)

In the first quarter of 2010, Plaintiff wrote letters to the Department of the Navy to inquire about his eligibility for retirement benefits.[1] In a letter to Plaintiff dated March 22, 2010, the head of Congressional Affairs by direction of the Department of Navy Commander responded to Plaintiff's inquiry as follows:

---

1. Plaintiff's letters were dated January 4, 2010, March 29, 2010, and April 2, 2010. (See ECF No. 103.)

> A review of available records indicated that you were transferred to the Individual Ready Reserves (IRR) on November 15, 1987 due to inability to maintain satisfactory drill attendance. On March 1, 1988, you affiliated with Naval Reserve Readiness Center (NRRC) in Charleston, SC. Regrettably, a medical condition occurred while you were a civilian employee at the Charleston Naval Shipyard. Due to the incident, NRRC Charleston revoked your security clearance on March 11, 1989. It was further determined that you were ineligible for reenlistment and you were discharged from the navy Reserve on January 17, 1990.

(ECF No. 20-1, p. 16.) In a letter to Plaintiff dated April 20, 2010, the deputy legal counsel for the Department of the Navy attempted to remind Plaintiff that in March 2009 he had been told by Navy Personnel Command that he did not qualify for retirement benefits because he was discharged before serving the requisite number of years. (ECF No. 1-3, p. 2.)

On July 27, 2010, Plaintiff filed this action alleging that he was entitled to retirement benefits and back pay from Defendant for a twenty-year period dating back to when he was discharged. (See ECF No. 1.) Plaintiff alleged that he had twelve years into the retirement system, which total combined his four years of active duty service and his eight years in the Navy Reserves. (ECF No. 1, p. 3.) Plaintiff asserted that he was entitled to receive benefits through the military retirement system in the same manner he would get benefits from the civilian retirement system, which system allows an individual to vest if the person had more than 50% of the required years into the system. (Id.) Plaintiff further asserted that by denying him retirement pay, Defendant violated the Equal Protection Clause by treating him differently from civilian employees. (Id.)

On May 23, 2011, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). (ECF No. 50.) Defendant asserted that the Court of Federal Claims had exclusive jurisdiction over the matter pursuant to the Tucker Act, 28 U.S.C.

§ 1491, because Plaintiff was seeking money damages. (ECF No. 50-1, pp. 5-6.) Defendant further asserted that Plaintiff was barred from filing suit by the six year statute of limitations period mandated by 28 U.S.C. § 2401. (Id. at pp. 6-7.) In this regard, Defendant argued that Plaintiff was discharged in 1990, the limitations period expired in 1996 and Plaintiff has not articulated any reason that the court should equitably toll the statute of limitations. (Id.) Finally, Defendant claimed that Plaintiff's equal protection claim failed on the merits because there was a rational basis for the difference between the military's retirement scheme and the civilian retirement scheme. (Id. at pp. 8-11.) On June 9, 2011, Plaintiff filed opposition to Defendant's motion to dismiss, asserting that his facts supported an award of back pay and benefits due him as a retired serviceman. (ECF No. 53.)

On October 25, 2011, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court resolve the statute of limitations question prior to analyzing the merits of Plaintiff's claim. (ECF No. 59, pp. 15-16.) As such, the Magistrate Judge recommended denying Defendant's motion to dismiss with leave to re-file and asking the parties to brief the statute of limitations question. (Id.) On November 9, 2011, Plaintiff filed a motion for the court to direct the PEB Board to grant disability benefits. (ECF No. 62.) On November 10, 2011, Defendant filed objections to the Magistrate Judge's October 25, 2011 Report and Recommendation, asserting that dismissal of Plaintiff's complaint was appropriate because (1) the court did not have jurisdiction to hear Plaintiff's claim for either retirement benefits or disability benefits, (2) Plaintiff's claims are barred pursuant to the expiration of the statute of limitations in 1996, and (3) Plaintiff did not make any assertion or offer any facts to indicate why he was entitled to a disability and/or retirement benefits. (ECF NO. 63.) The court

adopted the Magistrate Judge's October 25, 2011 Report and Recommendation on March 26, 2012. (ECF No. 66.)

On April 16, 2012, Defendant re-filed his motion to dismiss, which filing included supplemental briefing requested by the court as to the appropriate statute of limitations period to be applied. Defendant asserted that the 28 U.S.C. § 2401(a) governed the limitations period and provided for a six-year statute of limitations. (ECF No. 73.) In this regard, Defendant argued that Plaintiff's claim accrued in 1990 when the Navy discharged him from the Navy Reserves and, therefore, the applicable statute of limitations bars Plaintiff's claim. (Id. at pp. 4, 7-8.) On April 20, 2012, Plaintiff filed a letter, which correspondence was construed by the court as Plaintiff's opposition to Defendant's motion to dismiss. (See ECF No. 78.)

On June 15, 2012, the Magistrate Judge issued a Report and Recommendation wherein she determined that Plaintiff's claim was time barred and recommended granting Defendant's motion to dismiss and denying Plaintiff's motion to direct the PEB to grant disability benefits. (ECF No. 79.) On June 26, 2012, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation, alleging that the statute of limitations should be equitably tolled due to Plaintiff's temporary incompetence. (ECF No. 83.) However, Plaintiff did not reference evidence supporting his claim for equitable tolling.

## II.   LEGAL STANDARD AND ANALYSIS

**A.     Standard**

1.     Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this

court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

   2.  Fed. R. Civ. P. 12(b)(1) Motions

A motion to dismiss for lack of subject matter jurisdiction filed pursuant to Fed. R. Civ. P. 12(b)(1), raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). To adjudicate claims brought before it, this court must have both a constitutional and statutory grant of authority to exercise jurisdiction over the matter in question. Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004).

   3.  Fed. R. Civ. P. 12(b)(6) Motion

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d

1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ––– U.S. –––, –––, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court must treat factual allegations of the nonmoving party as true. Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994).

**B.** **Analysis**

    1.    Plaintiff's Motion to Direct the PEB to Grant Disability Benefits

Plaintiff seeks an order from this court that would entitle him to receive military disability pay. Military disability pay is provided to servicemembers pursuant to 10 U.S.C. § 1201. Section 1201 provides that upon the Secretary's determination that a service member is "unfit to perform the duties of the member's office, grade, rank, or rating because of physical disability incurred while entitled to basic pay," the service member may retire for disability. 10 U.S.C. § 1201(a). A claim for military disability pay accrues when the appropriate military board denies the claim for disability benefits or refuses to hear it. Chambers v. United States, 417 F.3d 1218, 1224 (Fed. Cir. 2005). The decision by the first statutorily authorized board that hears or refuses to hear the claim invokes the statute of limitations.[2] Id.

Upon her review, the Magistrate Judge found that Plaintiff's claim for disability pay was

---

2. If a plaintiff is seeking more than $10,000 in benefits from the United States, the Court of Federal Claims would have exclusive jurisdiction over the matter. 28 U.S.C. § 1491; 28 U.S.C. § 1346. The appropriate statute of limitations for claims brought against the United States in the Court of Federal Claims is six years. 28 U.S.C. § 2501.

time barred because the six year statute of limitations expired in 1996 and Plaintiff did not file this action until 2010.  (ECF No. 79, pp. 9-10 n. 7.)  The Magistrate based her finding on the allegation that the Board of Correction of Naval Records upheld Plaintiff's discharge pursuant to a 1989 review by the PEB.  (Id.)  In this regard, the Magistrate Judge concluded that Plaintiff had notice of his disability prior to discharge and, therefore, Plaintiff's failure to request a board hearing upon his discharge triggered the statute of limitations.  (Id. (citing Huff v. U.S. Dep't of the Army, 508 F. Supp. 2d 459, 464 (D. Md. 2007)))

At the August 21, 2012 hearing, the court, in an effort to ascertain exactly when the appropriate military board denied Plaintiff's disability benefits claim, learned from the parties that Plaintiff had not actually applied for disability benefits.  Because Plaintiff has not applied for disability benefits, the court does not have jurisdiction to grant the relief sought by Plaintiff because his injury is hypothetical or speculative.  See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998) (the party invoking federal jurisdiction has the burden of establishing an injury in fact).  Therefore, the court must deny Plaintiff's motion to direct the PEB to grant him disability benefits.

    2.    <u>Defendant's Motion to Dismiss Plaintiff's Equal Protection Claim</u>

        a.    Plaintiff's Equal Protection Claim in the context of the Statute of Limitations

The court has construed Plaintiff's allegations as alleging an equal protection claim under the Fifth Amendment of United States Constitution.  Plaintiff alleges that his classification in the military retirement system, as opposed to a civilian retirement system, denies his right to equal protection.  (ECF No. 1, p. 3.)  In his motion to dismiss, Defendant contends that the applicable six year statute of limitations bars Plaintiff's equal protection claim because (1) the claim

accrued in 1990 when the Navy discharged Plaintiff from the Navy Reserves and (2) Plaintiff filed suit in 2010, twenty years after the claim accrued. (ECF No. 73, pp. 8-9.)

Upon her review, the Magistrate Judge found that an equal protection claim begins to accrue as soon as the alleged wrongful acts occurred. (Id. at p. 8 (citing Wallace v. Kato, 549 U.S. 384, 388 (2007)).) The Magistrate Judge further found that in the context of claims for retirement pay and back pay, the statue of limitations for claims arising directly from the discharge begins to run when discharge becomes final. (Id. (citing Singleton v. Dep't of Army, No. 07-303, 2007 WL 2601934, at *2 (D.D.C. Sept. 6, 2007)).) With reference to the foregoing, the Magistrate Judge concluded that Plaintiff's claim arose directly from his discharge on January 17, 1990, because his discharge ensured that he would not qualify for military retirement based on the number of years of qualified service. (Id. at p. 9.) As a result, the Magistrate Judge determined that Plaintiff's claim was time-barred because the six-year statute of limitations set forth in 28 U.S.C. § 2401(a) ran on January 17, 1996 and Plaintiff did not file this action until July 27, 2010. (Id.)

The court agrees with the Magistrate Judge that an equal protection claim begins to accrue as soon as the alleged wrongful actions occurred. See, e.g., United States v. Kubrick, 444 U.S. 111, 122-24 (1979) (under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action); Franks v. Ross, 313 F. 3d 184, 194 (4th Cir. 2002) (a cause of action accrues for purposes of the statute of limitations when it is sufficiently ripe that one can maintain suit on it). The court further agrees with the Magistrate Judge that the appropriate statute of limitations period is six years, since this is a claim against the United States. See 28 U.S.C. § 2401(a).

However, the court declines to follow the Magistrate Judge's conclusion that Plaintiff's equal protection claim for retirement benefits accrued on the day he was discharged. Viewing the allegations in the light most favorable to Plaintiff, the court finds that Plaintiff's equal protection claim accrued at the earliest on March 13, 2009, when Plaintiff was informed by Navy Personnel Command that he did not qualify for retirement benefits. (See ECF No. 1-3, p.2.) Accordingly, because Plaintiff filed his complaint approximately sixteen months after he received correspondence from the Navy Personnel Command denying his eligibility for benefits, Plaintiff's equal protection claim falls within the applicable statute of limitations period.

        b.        The Merits of Plaintiff's Equal Protection Claim

Plaintiff argues that because he was subjected to the military's retirement system instead of the civilian retirement system, his equal protection rights were violated. Plaintiff asserts that if he had participated in a civilian retirement system, he would already be receiving retirement benefits because a civilian retirement system allows an individual to vest after fifty percent of the qualifying years have been complete. (See ECF No. 10.) In contrast to the alleged prerequisites for retirement as a civilian, an individual is entitled to receive military retirement benefits only if (1) he is at least sixty years of age; (2) he has performed a minimum of twenty years of service, as determined under 10 U.S.C. § 12732; (3) he has performed a minimum of eight years of qualifying service in a reserve component; and (4) he is not entitled, under any other provision of law, to retired pay from a division of the armed forces of the United States. 10 U.S.C. § 12731(a).

To determine whether the statute creating the military retirement system classification violates Plaintiff's equal protection rights, the court is required to analyze the nature of the

classification and the type of activity regulated. U.S. v. Lawson, 677 F.3d 629, 637 (4th Cir. 2012). "If the statute's classification is unrelated to race, alienage, or national origin, and does not affect a fundamental right, the statute generally is subject to rational basis review and will be upheld if the statute is rationally related to a legitimate governmental interest." Id. (citing City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 440 (1985).) In the context of Plaintiff's equal protection claim, the court finds that rational basis review is appropriate because retirement is not a fundamental right and the classification of individuals on the basis of military service does not involve a suspect classification. See id. Accordingly, if the military retirement statute is rationally related to a legitimate governmental interest, Plaintiff's equal protection claim fails.

Defendant has asserted that the Government has a legitimate interest in retaining a skilled, experienced, and competent military. (See ECF No. 50-1, p. 11.) Defendant further asserts that the classification requiring military personnel to fulfill twenty-years of qualifying service to obtain benefits, which requirement is different from the civilian system, provides a rational means of achieving the government interest. (Id.) At the August 21, 2012 hearing, the court learned that Plaintiff's primary response to Defendant's representation regarding the Government's legitimate interest was that he was entitled to benefits because his service exposed him to classified information, which was a lifetime responsibility for him. Upon consideration of Defendant's position under a rational basis review, the court is required to find that the statute creating the military retirement system and requiring twenty years of qualifying service is constitutional and Plaintiff's right to equal protection has not been denied. Accordingly, Defendant's motion to dismiss must be granted.

### III. CONCLUSION

For the foregoing reasons, the court hereby **GRANTS** Defendant's motion to dismiss Plaintiff's complaint. (ECF No. 73.) The court further **DENIES** Plaintiff's motion for the court to direct the PEB to grant disability benefits. (ECF No. 62.) The court adopts, in part, the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
Margaret B. Seymour
Chief United States District Judge

August 28, 2012
Columbia, South Carolina